UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ALAM SHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil No. 04-182-B-W |
| UNITED STATES DEPARTMENT | ) | |
| OF VETERANS AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO AMEND
ADMINISTRATIVE RECORD AND DEFENDANT'S MOTION TO STRIKE**

This case presents an employment discrimination claim and a petition for review of a final order of the Merit System Protection Board (MSPB) that sustained adverse employment measures imposed on the plaintiff-petitioner, Alam Sher, by his employer, the defendant United States Department of Veterans Affairs (VA). This Memorandum of Decision addresses an evidentiary dispute concerning what Sher contends is newly discovered, material evidence that, he alleges, was inappropriately withheld from him by the VA during the underlying administrative proceedings. Sher seeks to supplement the administrative record with the evidence[1] in order to support his contention that the court should reverse the administrative decision of the MSPB based on what he characterizes as an intentional attempt by the VA to deny him a fair hearing or to perpetrate a fraud during the course of the administrative proceeding. (See Pl.'s Mot. to Amend Record at 5-6, Docket No. 16; Pl.'s Opp'n to Def.'s Mot. for Judgment at 5, Docket No. 28.)

---

[1] The evidence in question is a training videotape that addresses ethics and security issues that might arise in the course of running a VA pharmacy. According to Sher, he was punished for failing to follow a VA policy and the videotape tends to undermine the VA's assertion that what Sher did violated the alleged policy.

Sher has filed a "motion to amend the record" to incorporate the evidence. (Docket No. 16.) The VA has opposed the motion and has responded with its own motion to strike all of Sher's references to the videotape from Sher's summary judgment statement of material facts.[2] (Docket No. 22.) According to Sher, the court should incorporate the newly discovered evidence into the administrative record and reverse the decision of the MSPB based on the "crucial" weight of the new evidence. (Pl.'s Opp'n to Def.'s Mot. for J. at 5.) According to the VA, the court should disregard the evidence in question because it was not before the MSPB and there is no evidence that its absence from the record was a function of bad faith on the VA's part. (Def.'s Opp'n to Mot. to Amend and Mot. to Strike at 3-4.) I conclude that the VA has the better of this argument.

The question of whether to consider allegedly material evidence discovered after the close of the administrative record must be reserved for initial consideration by the MSPB in the context of a petition requesting that the MSPB reopen the file for additional review in light of the newly discovered evidence. See 5 C.F.R. § 1201.115(d)(1) (authorizing "petitions for review of initial decisions" when, among other things, "[n]ew and material evidence is available that, despite due diligence, was not available when the record closed."); see also Wright v. United States Postal Serv., 183 F.3d 1328, 1332 (Fed. Cir. 1999) (discussing the MSPB's discretion to reopen a disciplinary matter for further consideration in light of newly discovered evidence); Lugo v. MSPB, 128 Fed. Appx. 145, 146 (Fed. Cir. 2005) (unpublished opinion) (describing standard of judicial review that applies to an appeal from a MSPB decision not to reopen such a

---

[2]     The VA has filed a motion for judgment on the administrative record and the parties have both utilized Local Rule 56 summary judgment statements of material facts to posture Sher's petition for judicial review and his discrimination claim for disposition.

matter).[3]  Because the significance of "newly discovered evidence" is a matter for the MSPB to

consider in the first instance in the context of a petition for review of its initial decision in this

matter, I **DENY** Sher's motion to amend the administrative record (Docket No. 16, as amended

at Docket No. 21).  Additionally, because it is apparent that the court ought not reverse or

remand the MSPB's administrative decision on the basis of newly discovered evidence, I

**GRANT** the VA's motion to strike (Docket No. 23, contained within Docket No. 22).

<u>CERTIFICATE</u>

Any objections to this report shall be filed in accordance with Fed. R. Civ. P. 72.

***So Ordered.***

Dated August 4, 2005

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

---

[3]      There is precedent to the effect that the court can expand the record based on a strong showing of agency bad faith, <u>Town of Norfolk v. United States Army Corps of Eng'rs</u>, 968 F.2d 1438, 1456 (1st Cir. 1992), but the existing record does not demonstrate any bad faith on the part of the VA.