UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALAM SHER, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF VETERANS AFFAIRS )<br>)<br>    Defendant. ) | Civil No. 04-182-B-W |

**ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE ON DEFENDANT'S MOTION FOR JUDGMENT; AND OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S MEMORANDUM OF DECISION DENYING PLAINTIFF'S MOTION TO AMEND ADMINISTRATIVE RECORD AND GRANTING DEFENDANT'S MOTION TO STRIKE**

This Court upholds a Merit System Protection Board decision not to reopen a case to receive new material, because it concludes the evidence would have been either cumulative or immaterial.

**I.    Background**

**A.  The Facts**

On October 20, 2004, Alam Sher filed with this Court an employment discrimination claim and appeal of a final order of the Merit Systems Protection Board (MSPB), complaining of actions taken by the United States Department of Veterans Affairs (VA). *Complaint* (Docket # 1). Dr. Sher[1] served as the Chief of Pharmacy Services at the VA Medical Facility at Togus, Maine (Togus VA). *See Defendant's Statement of Material Facts* at ¶ 3 (Docket # 10)(DSMF); *Plaintiff's Response to Defendant's Statement of Material Facts* at ¶ 3 (Docket # 29)(PRDSMF). By letter received August 21, 2001, the Chief of Staff at Togus VA charged him with, among

---

[1] Alam Sher holds a Pharm.–D. in Pharmacy and an M.B.A.; he prefers the professional title, doctor.

other things, personal use of drug samples he solicited from representatives of the pharmaceutical industry, and proposed that Dr. Sher be terminated from employment.[2] *See DSMF* at ¶ 50; *PRDSMF* at ¶ 50. On October 22, 2001, the Director of Togus VA concluded that Dr. Sher had violated agency rules against acceptance of gifts from prohibited persons, imposed a 45-day suspension without pay, and removed him as Chief with a corresponding reduction in pay. *DSMF* at ¶ 55; *PRDSMF* at ¶ 55. Dr. Sher requested a hearing before an Administrative Law Judge (ALJ), who sustained that portion of the VA's charges relating to improper sampling, but concluded the violation was technical and deserved no penalty. *DSMF* at ¶ 66; *PRDSMF* at ¶ 66. Dr. Sher and the VA cross-appealed to the full MSPB, which on September 16, 2004 sustained the VA's decision in its entirety, reimposing the 45-day suspension and demotion. *DSMF* at ¶ 69; *PRDSMF* at ¶ 69.

### B. New Evidence and New Motions

On March 23, 2005, Dr. Sher attended a monthly meeting of the full staff of the Pharmacy Service at Togus VA. At the meeting, the VA showed Dr. Sher and other attendees a VA videotape entitled "Employee Integrity and Pharmacy Security". This videotape, which was dated March 1994, contains dialogue that Dr. Sher contends establishes that the VA approved of its employees' solicitation and personal use of complimentary samples from pharmaceutical companies. The VA failed to turn over this videotape despite an Acknowledgement Order from the ALJ mandating that the VA copy all documents relevant and material to Dr. Sher's appeal.

Procedurally, on April 22, 2005, Dr. Sher raised this issue by filing a motion to amend the administrative record. *Pl.'s Mot. to Amend Admin. Record* (Docket # 16); *Pl.'s Am. Mot. to Amend Admin. Record* (Docket # 21)(*Pl.'s Am. Mot. to Amend.*). In his motion, Dr. Sher

---

[2] The parties use the term, "sampling", to describe the practice whereby the pharmaceutical industry gives samples of medicine to health care professionals. *See DSMF* at ¶ 14; *PRDSMF* at ¶ 14.

strenuously pressed the contention that the VA acted in bad faith in failing to turn over what he believes is crucial information, thereby depriving the ALJ, the MSPB, and this Court of compelling evidence that the VA condoned the practice for which it disciplined the doctor. *Pl.'s Am. Mot. to Amend*. On May 5, 2005, the VA responded with a Motion to Strike the videotape. *Def.'s Mot. to Strike* (Docket # 23). Two months earlier, the VA had filed a motion for judgment. *Def.'s Mot. for J.* (Docket # 9).

This Court referred all motions to Magistrate Judge Kravchuk for recommended decision. On August 4, 2005, the United States Magistrate Judge issued two decisions. The first denied Dr. Sher's motion to amend and granted the VA's motion to strike, "because the significance of 'newly discovered evidence' is a matter for the MSPB to consider in the first instance in the context of a petition for review of its initial decision…" and "because it is apparent that the court ought not reverse or remand the MSPB's administrative decision on the basis of newly discovered evidence". *Mem. of Decision on Pl.'s Mot. to Amend Admin. Record and Def.'s Mot. to Strike* at 3 (Docket # 35)(*Mem. of Decision*). The second recommended summary judgment against Dr. Sher as there was "no direct evidence in the record of discriminatory animus" and no "trialworthy issue on the existence of animus". *Recommended Decision on Def.'s Mot. for J.* at 30 (Docket # 36)(*Recommended Decision*).

On August 18, 2005, following the Magistrate Judge's Orders, Dr. Sher filed an "Objection to the Magistrate's Recommended Decision Granting Judgment on the Record and Objection to the Memorandum Decision Denying Amendment of the Record with Incorporated Motion for Stay". (Docket # 38)(*Pl.'s Objection*). He also petitioned the MSPB to reopen the administrative record. *Id.* at 5 n1. On September 7, 2005, the MSPB declined to hear the petition, stating that the Board's regulations do not provide for requests for reconsideration of its

final decision. *Letter of US Merit Systems Protection Board* (Docket # 40 – Attach. 1). On September 19, 2005, Dr. Sher filed with this Court a Motion to Reconsider Motion to Amend the Record and for Relief, along with an amended objection to the Recommended Decision, asserting that because the MSPB declined jurisdiction, this Court assumes exclusive jurisdiction to amend the Administrative Record. (Docket #s 40, 41).

## II. Discussion

The pending appeal, the motion to amend administrative record, and the MSPB's declination of Dr. Sher's motion leave something of a procedural muddle. Depending on how the issue is viewed, the standards for review may differ; however, this Court concludes that, however conceived, the result is the same.

### A. Motion to Strike; Motion to Amend

#### i. Standard of Review

Dr. Sher's motion to amend and the VA's motion to strike are non-dispositive and the Magistrate Judge's August 4, 2005 decision on these motions may not be modified or set aside unless clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). At the same time, this Court will consider the impact, if any, of the MSPB's September 7, 2005 refusal to reopen the administrative record.

#### ii. MSPB Action: Refusal to Reopen or Reconsider

On September 7, 2005, the MSPB responded to Dr. Sher's petition to reopen the administrative record as follows:

> This is in response to your request for reconsideration of the Board's order dated September 16, 2004 in the appeal named above.
>
> The order included a specific statement that it represents the final decision

of the Board in this appeal and also notified you of your further review rights. The Board's regulations do not provide for your request for reconsideration of the Board's final decision. There is, therefore, no further right to review of this appeal by the Board.

*Letter of US Merit Systems Protection Board.* The MSPB's letter can be viewed variously as a refusal to reopen the administrative record or a determination that Dr. Sher does not have the right to have the MSPB reconsider a final decision.

### iii. MSPB Regulations

MSPB procedure on petitions for review is governed by regulation. *See* 5 C.F.R. § 1201.114-120. A party may file a petition for review of an ALJ's initial decision within 30 days after receipt or 35 days after issuance, whichever is longer. 5 C.F.R. § 1201.114(d). The MSPB bases its review on the record developed by the ALJ. *See, e.g.,* 5 C.F.R. § 1201.115(a). The parties are required to close the record within certain time limits and once closed, "no additional evidence… will be accepted unless the party submitting it shows that the evidence was not readily available before the record closed." 5 C.F.R. § 1201.114(i). The MSPB may grant a petition for review if it is established that "the decision of the judge is based on an erroneous interpretation of statute or regulation" or if "[n]ew and material evidence is available that, despite due diligence, was not available when the record closed." 5 C.F.R. § 1201.115(d). It has the authority to "[r]emand the appeal so that the judge may take further testimony or evidence or make further findings or conclusions." 5 C.F.R. § 1201.117(a)(4). Once the MSPB issues a final decision, the employee adversely affected by the decision may obtain judicial review. 5 C.F.R. § 1201.120. The regulations allow a petition for reconsideration, but only by the Director of the

Office of Personnel Management and on limited grounds.³ 5 C.F.R. § 1201.119. On the other hand, the MSPB is authorized to "reopen an appeal and reconsider a decision of a judge on its own motion at any time, regardless of any other provisions…." 5 C.F.R. § 1201.118.

### iv. MSPB Denial as a Ruling on a Motion for Reconsideration

Even though apparently styled as a petition to reopen,⁴ the Board's response suggests it deemed Dr. Sher's motion as one for reconsideration.⁵ If so, the Board was acting within its authority to refuse to consider it. Under § 1201.119, the right to file a petition for reconsideration is limited to the OPM. While § 1201.118 allows the MSPB to reopen the record and reconsider a decision on its own motion, there is no statutory or regulatory authority, comparable to that found in § 1201.119, for an employee to petition the MSPB to reconsider its decision. *Mudrich v. Dep't of Agric.*, 93 M.S.P.R. 313, 314 (2003)("While the Director of the Office of Personnel Management may petition for reconsideration of a Board final order within 35 days after the date of service, (citation omitted), there is no similar rule permitting other parties or non-parties to do so."). Even assuming in these circumstances the Board could reconsider a decision upon motion of the employee, *see Moss v. Dep't of the Air Force,* No. 99-3336, 1999 WL 1211870, *2 (Fed. Cir. Dec. 10, 1999)(unpublished), there is no requirement it do so. Further, at least while Dr. Sher's action was pending in federal court, the MSPB may not have jurisdiction over <u>any</u> request for reconsideration. *See Anthony v. OPM,* 70 M.S.P.R. 214, 218 (1996)("Although the pendency of an appeal to the Federal Circuit deprives the Board of

---

³ The Director of the Office of Personnel Management is authorized to file a petition for reconsideration of a final Board order only if he or she determines that the Board erred in interpreting a civil service law, rule, or regulation affecting personnel management, and its decision will have a substantial impact on a civil service law, rule, regulation, or policy directive. 5 C.F.R. § 1201.119(a)(1),(2). The petition for reconsideration must be filed within 35 days after the date of service of the Board's final order. *Id.* at 1201.119(b).

⁴ This Court uses "apparently" because Dr. Sher has not provided the Court with a copy of the motion. *See Pl.'s Mot. to Reconsider Mot. to Amend the Record and for Relief* at 4 (Docket # 40).

⁵ Under § 1201.118, the Board has the right to reopen an appeal and reconsider a decision of a judge on its own motion at any time. By contrast, a petition for reconsideration under § 1201.119 is time limited, is restricted to the Director of the Office of Personnel Management, and is limited as to permissible grounds.

jurisdiction to consider a request for reconsideration, such a request can be considered following the court's decision on appeal")(citing *Anderson v. Dep't of Transp.,* 46 M.S.P.R. 341, 350-51 (1990), *aff'd,* 949 F.2d 404 (Fed. Cir. 1991)(unpublished)).

### v. MSPB Denial as a Refusal to Reopen the Record

Under § 1201.118, the MSPB has the authority without time limit to reopen the record or review a judge's decision *sua sponte*.[6]  5 U.S.C. § 7701(e)(1)(B); 5 C.F.R. § 1201.118 ("The Board may reopen an appeal and reconsider a decision of a judge on its own motion <u>at any time</u>, regardless of any other provisions of this part.")(emphasis supplied); *Wright v. United States Postal Serv.*, 183 F.3d 1328, 1332 (Fed. Cir. 1999)(citations omitted).  Although the Board has the authority to reopen an appeal from an ALJ's initial decision, it is unclear that this authority would extend to reopening its own decisions after they become final.  5 C.F.R. § 1201.118 (The Board may reopen an "appeal and reconsider a decision of a <u>judge</u> on its own motion at any time….")(emphasis supplied); *see Timmers v. MSPB*, No. 04-3279, 2005 WL 564278, *2-*3 (Fed. Cir. Mar. 10, 2005)(unpublished); *Moss v. Dep't of the Air Force,* 82 M.S.P.R. 309, 312 (1999), *aff'd,* 1999 WL 1211870 (Fed. Cir. Dec. 10, 1999)(unpublished); *Anthony v. OPM,* 70 M.S.P.R. 214, 218 (1996); *Wright v. Dep't of VA,* 95 M.S.P.R. 231, 235 (2003).  *See also Lugo v. MSPB,* No. 04-3358, 2005 U.S. App. LEXIS 5932, *2 (Fed. Cir. Apr. 11, 2005)(unpublished).

New evidence is "material" if it is "of sufficient weight to warrant an outcome different from that of the initial decision."  *Kursar v. Dep't of Trans.,* No. 05-3195, 2005 U.S. App. LEXIS 27236, *9 (Dec. 12, 2005)(unpublished opinion)(quoting *Bucci v. Dep't of Educ.*, 42 M.S.P.R. 47, 55 (1989)).  The MSPB has "exercised its discretion to reopen cases to prevent

---

[6]  Under § 1201.115, the MSPB has the authority to grant a petition for review when it is established that "[n]ew and material evidence is available that, despite due diligence, was not available when the record closed…." This provision sets forth the bases for the Board's review, but it does not provide a regulatory basis for a petition to reopen after the Board's decision has become final.

what it perceived to be 'manifest injustice to the appellant's substantive rights.'" *Timmers,* 2005 WL 564278 at *3 (quoting *Fields v. OPM*, 79 M.S.P.R. 659, 661-62 (1998)). In *Fields*, for example, the Board reopened a case where the Office of Personnel Management erroneously concluded that the decedent, a federal employee, was married at the time of his death. *Id.* at 663. Even so, the MSPB has "broad discretion" to decide "whether to reopen a case…." *Timmers*, 2005 WL 564278 at *2.

Dr. Sher describes his motion as a petition "to reopen the administrative record." *Pl.'s Mot. to Reconsider Motion to Amend the Record and for Relief* at 4 (Docket # 40). It is doubtful, however, that the MSPB considered Dr. Sher's petition to be a motion to reopen. The MSPB responded that its regulations "do not provide for your request for reconsideration of the Board's final decision", which may suggest the Board treated the petition as a petition for reconsideration.

However, if the MSPB letter is considered a response to a motion to reopen under § 1201.118, the scope of this Court's authority to review the MSPB's decision not to reopen is unclear. The Federal Circuit has not decided the question. *Lugo,* 2005 U.S. App. LEXIS 5932 at *3; *Zamot v. MSPB*, 332 F.3d 1374, 1378 (Fed. Cir. 2003)("an issue the court has left open"). Assuming this Court has the authority to assess whether the Board's refusal to reopen constitutes an abuse of discretion, *Nelson v. FDIC*, 83 F.3d 1375, 1377 (Fed. Cir. 1996), the objecting party still has a "heavy burden" to demonstrate that the Board erred in exercising its discretion not to reopen. *Zamot*, 332 F.3d at 1378 (citations omitted).

    **vi. Motion to Reopen as Motion to Amend Record**

Most likely, Dr. Sher's motion to amend administrative record is not seeking a review of the MSPB's refusal to reopen the record or to reconsider its decision at all, but is asking this

Court to expand the record to assure a complete evaluation of the merits of the pending challenge. Generally, courts limit their review of MSPB decisions to the administrative record developed below. *See* 5 U.S.C. § 7703(c); *Camp v. Pitts,* 411 U.S. 138, 142 (1973)("In applying that standard, the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."); *Olsen v. United States*, 414 F.3d 144, 155 (1st Cir. 2005). However, a reviewing court may go beyond the administrative record in certain narrow circumstances. The Supreme Court said in *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977), that the district court "may" (although it is not required to) supplement the record where there is "a strong showing of bad faith or improper behavior" by agency decision makers. *Olsen,* 414 F.3d at 155. Alternatively, supplementation of the record may be permissible where there is a "failure to explain action as to frustrate effective judicial review." *Id.* (quoting *Camp*, 411 U.S. at 142-43).

### vii. The ALJ and MSPB Decisions

Here, the new evidence consists of the training videotape the VA produced in March 1994. During the videotape, there is a discussion about whether the Chief of a VA pharmacy can accede to a medical doctor's request for prescriptive medicine for his brother-in-law that insurance does not cover. The VA pharmacist refuses to give the medicine to the doctor, but tells him he can "give you the phone number of the drug manufacturer's rep and… you can give him a call and work on getting a complimentary supply." (Docket # 16 – Exh. A). Dr. Sher vociferously asserts that this dialogue amounts to an expression of VA approval of the practice of sampling and he castigates the VA for acting in "bad faith" by concealing the videotape and

submitting evidence at the ALJ hearing contrary to its own policies.[7] *Pl.'s Objection* at 7.

Dr. Sher saw the videotape in March 23, 2005, years after his conduct, and he cannot and does not contend that the videotape actively led him to misinterpret VA policy and engage in prohibited conduct. Instead, Dr. Sher essentially argues two points: (1) that the videotape informally confirms VA practice on sampling; and, (2) that the videotape formally reflects VA policy on sampling.

On the first point, the videotape is merely cumulative. The ALJ and the MSPB found that the practice of sampling at the VA was commonplace and that Dr. Sher did not believe what he was doing violated VA policy. The ALJ found a pattern of actual practice at the VA consistent with the videotape and by the weight of substantial evidence that "the request/receipt of drug samples from pharmaceutical company representatives is part of the ingrained culture of doing business at a VA medical facility, as it is in the medical community generally, and has been for many years." *Admin. Record* at 34 (Initial Decision of ALJ)[Bate Stamped # 684]. In fact, the ALJ wrote that Dr. Sher "cannot be faulted for honestly believing there was absolutely nothing wrong with the practice." *Id.* He found that "no one had ever indicated to the appellant in his 18 years with the agency that the practice was in any sense improper, illegal, or unethical." *Id.* His conclusion was that "while the request/receipt of 'gifts' is unethical, and the Lipitor at issue was technically a 'gift' under the ethics regulations, I otherwise find that the appellant's technical violation of those regulations is not serious under the particular circumstances of his case." *Id.* at 36 [Bate Stamped # 686]. The ALJ determined the penalty was too harsh for Dr. Sher's technical violation and ruled no penalty was warranted. *Id.* at 40 [Bate Stamped # 690].

---

[7] There is no evidence to support Dr. Sher's assertions of bad faith and fraud. To the contrary, if the VA had deliberately failed to disclose the videotape to Dr. Sher during discovery, it would be passing strange for the Agency to use it for training Dr. Sher while his case was on appeal. The burden to demonstrate bad faith or fraud rests with Dr. Sher and it is just, if not more, plausible that the Agency did not produce the videotape during discovery because it was unaware that it had any relevance to Dr. Sher's case.

The MSPB reinstated the VA's penalty. It noted the ALJ's finding that other VA employees had accepted sample drugs and that Dr. Sher did not believe there was a prohibition against doing so. *Admin. Record* at 12 (Opinion and Order) [Bate Stamped # 815]. However, the MSPB cited the Standards of Ethical Conduct for Employees at the Executive Branch, 5 C.F.R. § 2635, Subpart B, Gifts from Outside Sources, which provides that "an employee shall not, directly or indirectly, solicit or accept a gift… [f]rom a prohibited source." 5 C.F.R. § 2635.202(a)(1). The regulation defines "gift" as "any gratuity, favor, discount, entertainment, hospitality, loan, forbearance, or other item having monetary value." 5 C.F.R. § 2635.203(b). A "prohibited source" includes "any person who … does business or seeks to do business with the employee's agency." 5 C.F.R. § 2635.203(d)(2). It also quoted from a VA pamphlet that Dr. Sher had received in 2000 explaining the VA prohibition against soliciting and accepting gifts:

> An employee shall not, except as permitted by the Standards of Ethical Conduct, solicit or accept any gift or other item of monetary value….

The pamphlet describes a gift as "[g]enerally, anything of monetary value". *Admin. Record* at 11 (Opinion and Order) [Bate Stamped # 814].

After reviewing the regulation and the pamphlet, the MSPB concluded that "the plain language of the Standards and the explanatory pamphlet are sufficient to put employees on notice that they were not to solicit items of monetary value from companies doing business with the agency, including pharmaceutical companies." *Id.* at 12 [Bate Stamped # 815]. In arriving at its conclusion, the MSPB conceded that the VA "could have done more to prevent the occurrence of this misconduct by more explicitly informing its workforce that soliciting sample drugs was prohibited." *Id.* It reversed because Dr. Sher was "properly charged, the charges were correctly sustained, and as a supervisor, he must be held to a higher standard than other employees." *Id.*

### viii. Conclusion

This Court already concluded the MSPB acted properly to the extent it denied the motion for reconsideration under § 1201.119, because it did not have the authority to hear it. To the extent it denied the motion because it did not wish to reopen the record under § 1201.118, Dr. Sher failed to produce evidence that the MSPB abused its discretion. To the extent Dr. Sher's motion asks this Court to amend the record, due to the agency's bad faith or fraud, he has failed to produce any evidence supporting his allegation and this Court is unwilling to assume it. Finally, the decisions of the ALJ and MSPB contain sufficient information to allow this Court to perform its review obligation without supplementation.

Dr. Sher seeks to make more out of the videotape than can logically be inferred. It is simply a leap too far to conclude that the contents of an Agency training videotape take precedence over the prohibitions of a duly promulgated federal regulation.[8] The sampling culture at the VA may mitigate the penalty, as the ALJ concluded, or it may not, as the MSPB concluded, but it is not a defense to whether the regulation was violated. In sum, the videotape, if admitted, would have been cumulative under any standard of review.

The United States Magistrate Judge filed with the Court on August 4, 2005 her Memorandum of Decision denying Plaintiff's Motion to Amend and granting Defendant's Motion to Strike (Docket # 35). The Petitioner filed his objection to the Memorandum of Decision on August 18, 2005 (Docket # 38) and filed a motion for reconsideration on September 19, 2005 (Docket # 40). This Court has reviewed and considered the Magistrate Judge's Memorandum of Decision, together with the entire record, including the submissions of the

---

[8] This argument is similar to the "speeder defense": that the speeder should not be ticketed, because he and untold numbers of motorists have traditionally exceeded the speed limit on this stretch of road without being ticketed and because others that very day were traveling even faster. Although the defense has a certain sympathetic force, it is rarely, if ever, persuasive.

parties. There is no basis for concluding that the Magistrate Judge's Memorandum of Decision is either clearly erroneous or contrary to law. For the reasons set forth in her Memorandum of Decision and for the additional reasons set forth in this decision, this Court concurs with the recommendations of the United States Magistrate Judge and determines that no further proceeding is necessary.

### B. Motion for Judgment

The United States Magistrate Judge filed with the Court on August 4, 2005 her Recommended Decision granting Defendant's Motion for Judgment (Docket # 36). The Petitioner filed his objections to the Recommended Decision on August 18, 2005 (Docket # 38), and filed an amended version of these objections on September 19, 2005 (Docket # 41). This Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; this Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and determines that no further proceeding is necessary.[9]

### III.   Conclusion

> 1. It is therefore ORDERED that the Recommended Decision (Docket # 36) and the Memorandum of Decision (Docket # 35) of the Magistrate Judge are hereby AFFIRMED.
>
> 2. The Plaintiff's Objection to the Magistrate's Recommended Decision Granting Judgment on the Record and Objection to Memorandum Decision Denying Amendment of the Record (Docket # 38) and Amended Objection (Docket # 41) are OVERRULED.
>
> 3. The Plaintiff's Second Motion for Reconsideration (Docket # 40) is DENIED.
>
> 4. The Plaintiff's Amended Motion to Amend the Administrative Record (Docket # 21) is DENIED.

---

[9]  Magistrate Judge Kravchuk's recommendation regarding the discrimination claim requires no further discussion.

5. The Defendant's Motion for Judgment (Docket # 9) is <u>GRANTED</u>.[10]

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 27th day of February, 2006

---

[10] On June 30, 2005, Plaintiff filed a Motion for Oral Argument on all matters then pending before the Court. *Pl.'s Mot. for Oral Arg.* (Docket # 34). Magistrate Judge Kravchuk deferred ruling, *see Recommended Decision* at 2. It is unclear whether Plaintiff presses for oral argument now. If so, this motion is <u>DENIED</u>, because the written pleadings are sufficient to allow disposition.